United States District Court
for the
Southern District of Florida

| Flectat Limited, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 18-20661-Civ-Scola |
| | ) | |
| Venetian by Luxcom, LLC, and others, Defendants. | ) | |

### Order Dismissing Case

This matter is before the Court upon the parties' responses to the Court's show cause order (ECF No. 38). The Court was made aware that a Fourth Amended Complaint had been filed in the underlying state court case relevant to this action. The Court therefore prompted the parties to explain "what impact the amendment to the underlying state complaint has on the relief sought in this case, if any, and whether the third-party complaint attached to the Plaintiff's complaint (ECF No. 1-8) remains the operative third-party complaint in the underlying state case." (Order, ECF No. 38.) Upon review of the parties' submissions, the record, and the relevant legal authorities, the Court finds that it must dismiss this case because it lacks jurisdiction.

**I. Background**

This case arises from an underlying state-court case styled *Ortiz v. Akcel Construction, LLC*, No. 17-009921-CA-01 (32), pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The state-court case stems from an accident that occurred on a construction site, which allegedly caused a plaintiff in that case, Pablo Rubio Ortiz ("Ortiz"), to suffer injuries. The original plaintiffs in that case were Ortiz, by and through his next of friend and wife, Beatriz Lara Corona, and his wife, Beatriz Lara Corona ("Corona"). In response to that complaint, the only defendant at the time, Venetian by Luxcom ("Luxcom") filed a third-party complaint on July 14, 2017, against Akcel Construction, LLC ("Akcel"), and EMC Builders, LLC ("EMC Builders"), which refers to and has attached to it the original state-court complaint. (Third-Party Compl., ECF No. 1-8 at ¶ 5.) In the third-party complaint, Luxcom raises several alternative claims for indemnification, breach of contract, and negligence against EMC Builders and Akcel that it states "arise out of the same operative set of facts as in the Plaintiff's Complaint in this case." (*Id.* at ¶ 1.)

More than six months after Luxcom filed its third-party complaint, on February 21, 2018, Flectat Limited ("Flectat") filed the present federal declaratory judgment action against EMC Builders, Luxcom, Akcel, Ortiz, and Corona. Flectat seeks a declaration that it does not have the duty to defend or indemnify EMC Builders, or any of the other defendants, in the underlying dispute based on an insurance policy issued to EMC Builders. (*See, e.g.*, Compl., ECF No. 1 at ¶¶ 14, 51.) The complaint refers to, and has attached to it, the original state-court complaint and third-party complaint. (*See, e.g.*, *id.* at ¶¶ 16, 21; Underlying Compl., ECF No. 1-7; Third-Party Compl., ECF No. 1-8.)

Since Flectat filed this case, the Clerk has entered default against EMC Builders (ECF No. 20.), which Luxcom has filed a motion to vacate (ECF No. 31). Akcel filed an answer (ECF No. 16), and Luxcom filed a motion to dismiss, which Ortiz and Corona joined (ECF Nos. 21, 34). These motions remain pending.

The Court was alerted to the fact that the state-court plaintiffs had made various amendments to the underlying complaint and had recently filed a Fourth Amended Complaint because of a related declaratory judgment action before the Court. *See Capitol Specialty Ins. Co. v. Ortiz*, No. 17-23329, ECF No. 74 (dismissing case for lack of subject matter jurisdiction). This information prompted the Court to consider what impact, if any, the latest amendment to the underlying complaint had on this case, and whether the third-party complaint attached to Flectat's complaint was still the operative third-party complaint in the underlying case. The Court therefore ordered the parties to shed light on these issues. (ECF No. 38.) Plaintiff Flectat and Defendants Luxcom and Akcel filed responses to the Court's show cause order. (Resps., ECF Nos. 39–41.) Ortiz and Corona joined in Luxcom's response. (Notice of Joinder, ECF No. 42.)

## II. Analysis

The parties disagree about what impact the underlying Fourth Amended Complaint has on this case and whether the third-party complaint attached to Flectat's complaint is the operative third-party complaint in the underlying state-court case. The latter point is contested only because Luxcom filed an amended third-party complaint (ECF No. 41-1) to clarify its name on November 17, 2017 without leave from the state court to do so. Luxcom, however, claims that the third-party complaint attached to Flectat's complaint (ECF No. 1-8) remains the operative third-party complaint in the underlying action. (Luxcom's Resp., ECF No. 39 at 3, n.1.)

Luxcom argues that the Court should dismiss this case because Flectat failed to incorporate the changes to the underlying complaint into its federal complaint as those amendments were being made in state court. (Luxcom Resp., ECF No. 39 at 4.) Luxcom notes that even when Flectat filed this case, the underlying complaint had already been amended. (*Id.* at 1.) Flectat asserts that it need not amend its complaint to refer to the Fourth Amended Complaint because its claims are based on Luxcom's third-party complaint, which it repeatedly tells the Court is based on the original underlying complaint. (Flectat Resp., ECF No. 41.) Flectat instead asks the Court to amend its complaint to incorporate the amended third-party complaint and a cross-claim Akcel filed against EMC Builders in the state-court case. (*Id.* at 5–6 ¶¶ 15–16.) Akcel suggests that Flectat may "want or otherwise need" to add additional defendants in this case to fully adjudicate its case, but that the "precise impact of the amendment to the underlying state complaint on this declaratory action is presently undeterminable." (Akcel Resp., ECF No. 40 at 2 ¶¶ 2–3.)

Upon review of the parties' briefs, the record, and the relevant legal authorities, the Court finds that it lacks jurisdiction. "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quotation marks and citations omitted).

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). "The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting 28 U.S.C. § 2201(a)). In the declaratory action context, the Supreme Court has "required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (alterations and citations omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Even assuming that Flectat properly brought this suit and that the parties are diverse—issues Luxcom contests in its motion to dismiss—the

Court finds that it cannot provide relief in this case. As Flectat itself states, "Flectat's obligations to EMC Builders [are] only based on the claims asserted against [EMC Builders]. At this time, the ball stops with Luxcom's Third-Party Complaint against EMC Builders based on the claims made against Luxcom in the Original Complaint." (ECF No. 41 at 5, ¶ 14.) The original state-court complaint, however, is not the operative complaint in the underlying case, nor was it when Flectat filed this case (*see, e.g.*, Second Am. Comp., ECF No. 39-1). *Oceanside Plaza Condo. Ass'n v. Foam King Indus., Inc.*, 206 So. 3d 785, 787 (Fla. 3d DCA 2016) ("Long-standing Florida law makes clear that the filing of an amended complaint constitutes an abandonment of the original complaint . . . and it cease[s] to be part of the record and [can] no longer be viewed as a pleading.") (alterations and citations omitted). Even a cursory review of the initial underlying complaint and the Fourth Amended Complaint demonstrates that the state-court plaintiffs have made several changes to their allegations and additional parties are now involved in the underlying case. Notably, the state-court plaintiffs assert additional claims against Luxcom in the Fourth Amended Complaint that were not asserted in the original complaint.

The third-party complaint, on which Flectat's complaint relies, therefore seeks relief based on an underlying complaint that no longer governs the state-court case. The amended third-party complaint fares no better since it too appears to seek relief based on the original state-court complaint.[1] As a result, Flectat is seeking a declaration based on pleadings that no longer govern the underlying state-court case. Even if Flectat had referred to the proper underlying complaint in its complaint, doing so would not have changed the fact that the third-party complaint is based on an inoperative complaint.

Therefore, this case does not present a live case or controversy. Any declaration from this Court would be an improper advisory opinion about "what the law would be upon a hypothetical state of facts." *MedImmune*, 549 U.S. at 127. Accordingly, this Court lacks subject matter jurisdiction and must dismiss this case. *Bochese*, 405 F.3d at 974–75 ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the Court is powerless to continue."); *see also Geico Indemn. Co. v. Vasquez*, No. 15-61442-CIV, 2016 WL 10587207, at *4 (Nov. 4, 2016) (Dimitrouleas, J.) (dismissing declaratory judgment action against a defendant because the defendant had been dismissed from the underlying state case when the federal case was filed and had not been renamed as a defendant).

---

[1] Flectat requests that the Court decide whether the amended third-party complaint filed in the underlying state case was properly filed or to direct Luxcom to clarify this point in state court. (Flectat Resp., ECF No. 41 at 5 ¶ 15.) The Court refuses to insert itself into the state court proceedings and need not do so to make its ruling.

### III. Conclusion

The Court therefore **dismisses** this case **without prejudice**, and **denies as moot** all pending motions. The Clerk is directed to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on October 2, 2018.

_____
Robert N. Scola, Jr.
United States District Judge